No. 73–1801. GOLDSTEIN *v.* VIRGINIA. Sup. Ct. Va. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any state or federal ban on, or regulation of, obscenity is prohibited by the Constitution, *Miller* v. *California,* 413 U. S. 15, 42–47 (DOUGLAS, J., dissenting); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70–73 (DOUGLAS, J., dissenting), would grant certiorari in this case and summarily reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted after a jury trial in the Corporation Court of the city of Norfolk, Virginia, of selling

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

obscene items. The statute under which he was convicted, Va. Code Ann. § 18.1–228 (Supp. 1973), provides in pertinent part:

> "Every person who knowingly ... [p]ublishes, sells, rents, lends, transports in intrastate commerce, or distributes or exhibits any obscene item . . . shall be guilty of a misdemeanor."

As used in that section:

> "The word 'obscene' . . . shall mean that which considered as a whole has as its dominant theme or purpose an appeal to prurient interest, that is, a shameful or morbid interest in nudity, sex or excretion, and if it goes substantially beyond customary limits of candor in description or representation of such matters." § 18.1–227 (1960).

The Supreme Court of Virginia affirmed by order on July 11, 1972. This Court granted certiorari, vacated the judgment of the Supreme Court of Virginia, and remanded the case for further consideration in light of *Miller* v. *California*, 413 U. S. 15 (1973), and companion cases. 413 U. S. 912. The Supreme Court of Virginia again affirmed the conviction.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton*, 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 18.1–228, as it incorporates the definition of "obscene" in § 18.1–227, is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California, supra,*

at 47, and because the judgment of the Supreme Court of Virginia was rendered after *Miller,* I would reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do no insist that the case be decided on the merits.